## Waiver of Service of Summons

TO:   Meghan M. Tans, Esq.
      Levin, Papantonio, Thomas, Echsner & Proctor, P.A.

I acknowledge receipt of your request that I waive service of a summons in the action of **Bonnie Hathaway v. Merck & Co., Inc.**, which is case number **07-cv-10683** in the United States District Court for the Southern District of New York. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner prescribed by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after **November 29, 2007**, or within 90 days after that date if the request was sent outside the United States.

December 18, 2007                      *Christina Gaarder* (signature)
_____           _____
Date                                   Signature          Christina Gaarder, Venable LLP, 2 Hopkins
                                       Printed/typed name: Plaza, Suite 1800, Baltimore, MD 21201
                                       {as          Outside Counsel            }
                                       {of          Merck & Co., Inc.          }

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons has been actually served when the request for waiver of service was received.

Effective A/o 12/1/93 in compliance with
Federal Rules of Civil Procedure 4
SDNY Web 4/99